**Michael Casey CARNOHAN,**
**Plaintiff–Appellant,**

v.

**UNITED STATES of America; et**
**al., Defendants–Appellees.**

**No. 07–55100.**

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 16, 2008.*

Filed Oct. 20, 2008.

Michael Casey Carnohan, Vista, CA, pro se.

Beth L. Levine, Esq., USSD–Office of the U.S. Attorney, San Diego, CA, Hiren M. Patel, AGCA–Office of the California Attorney General, Sacramento, CA, for Defendants–Appellees.

Before LEAVY, RYMER, and THOMAS, Circuit Judges.

MEMORANDUM **

Michael Casey Carnohan appeals pro se from the district court's judgment dismissing his action under the Federal Tort Claims Act ("FTCA") arising from the denial of permission to purchase a handgun. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, *Barnett v. Centoni,* 31 F.3d 813, 815, 816 (9th Cir. 1994) (per curiam) (grant of summary judgment, dismissal for failure to state a claim); *Lovell v. Chandler,* 303 F.3d 1039, 1050 (9th Cir.2002) (Eleventh Amendment immunity), and we affirm.

The district court properly granted the United States' motion for summary judgment because Carnohan failed to raise a triable issue as to the nature of his commitment to a mental health facility. *See* 18 U.S.C. § 922(g)(4) (prohibiting a person "who has been committed to any mental

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

institution" from possessing a firearm); 27 C.F.R. § 478.11 (defining "[c]ommitted to a mental institution"); Cal. Welf. & Inst. Code § 5250 (providing for treatment of a person who "has been advised of the need for, but has not been willing or able to accept, treatment on a voluntary basis").

The district court properly granted the United States' motion to dismiss Carnohan's FTCA claim because Carnohan based his claim on the alleged misuse or misapplication of a federal statute. *See Delta Savings Bank v. United States,* 265 F.3d 1017, 1024–25 (9th Cir.2001) (explaining that to state an FTCA claim, plaintiff must show that the government's conduct violated a state law).

The district court properly granted the State of California's motion to dismiss for lack of jurisdiction. *See* U.S. Const. amend. XI; *Federal Maritime Comm'n v. South Carolina State Ports Auth.,* 535 U.S. 743, 765, 122 S.Ct. 1864, 152 L.Ed.2d 962 (2002) ("[S]overeign immunity applies regardless of whether a private plaintiff's suit is for monetary damages or some other type of relief.").

Carnohan's remaining contentions are unavailing.

**AFFIRMED.**

---

[*] The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

[**] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.